# 99 DTA 210

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL I DE SAN JUAN**

MINYAN INVESTMENT CORPORATION, ANTES
GRUPO DE EMPRESAS METROPOLITANAS, INC.
Recurrida

v.

NYLDA M. LANDRON BOU
Peticionaria

Núm. KLCE-98-01093

San Juan, Puerto Rico, a 30 de junio de 1999

Panel integrado por su Presidenta, Jueza Fiol Matta,
la Jueza Rodríguez de Oronoz y el Juez González Román

Rodríguez de Oronoz, Jueza Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La peticionaria, Nylda M. Landrón Bou, solicita la revisión de una Orden emitida por el Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de San Juan, mediante la cual declaró *"no ha lugar"* una moción solicitando anulación de subasta y cancelación de deuda.

### I

La demandante original, Grupo de Empresas Metropolitanas, Inc., obtuvo sentencia sumaria en cobro de dinero contra la peticionaria por la suma de $13,001.56 más intereses, costas y gastos de embargo, para un total de $16,846.67.

Posteriormente, luego de comenzar el proceso de ejecución de sentencia y de obtener orden de embargo contra un inmueble sito en la Urbanización Piñero, Condominio El Ferrol, Apartamento 802, Hato Rey, Puerto Rico, dicho demandante cedió sus derechos a Minyan Investment Corporation (en adelante Minyan), y el tribunal de instancia autorizó la sustitución de parte.

Sin embargo, luego de autorizada la sustitución de parte, tanto la representación legal de Minyan como el tribunal de instancia omitieron notificar ciertos procedimientos post sentencia a la peticionaria, a pesar de que la peticionaria había comparecido al pleito representada de abogado y de que Minyan conocía su dirección residencial, la cual surgía de los autos del caso. Alega la peticionaria que en el mismo período de tiempo, la parte recurrida le notificó otras mociones, como la renuncia a la representación legal de uno de sus abogados y la moción de sustitución de parte.

Una vez el tribunal autorizó la venta y la Secretaría expidió el mandamiento, el Alguacil suscribió Aviso de Subasta el 21 de enero de 1998, anunciando la venta en pública subasta del inmueble para el 19 de febrero de 1998 a las 10:15 a.m. Cabe señalar que ni la peticionaria ni su abogado de récord fueron notificados de la autorización de venta del inmueble, del mandamiento y del Aviso de Subasta. La subasta no se celebró en la fecha indicada y no surge de los autos del caso la razón para la suspensión de la misma. Posteriormente, se expidió un nuevo Aviso de Subasta para el 19 de marzo de 1998, el cual tampoco fue notificado a la peticionaria ni a su abogado de récord. Tampoco surge de los autos del caso que el tribunal de instancia hubiese ordenado la expedición del segundo aviso de subasta.

Minyan sometió una declaración jurada en la que indicó que el Aviso de Subasta fue publicado en los siguientes sitios públicos: (1) Escuela Elemental Moisés Meléndez; (2) Escuela Superior Lola Rodríguez de Tió; (3) Escuela Intermedia Pachín Marín; (4) Tribunal Superior; (5) Colecturía de San Juan; (6) CRIM. Nótese que no se ofreció la dirección física de los lugares antes mencionados.

Minyan fue el único licitador que compareció el día de la subasta, por lo que se le adjudicó la buena pro por la suma de $16,846.67, en pago de la sentencia, según consta en el Acta de Subasta de 19 de marzo de 1998. (Véase, Apéndice, págs. 23-24). La peticionaria no se enteró que su residencia familiar iba a ser subastada hasta aproximadamente un mes después de celebrada la subasta, el 6 de abril de 1998, cuando a las 8:15 a.m. se personó un alguacil para indicarle que tenía una orden de lanzamiento contra ella que se efectuaría a las 2:00 p.m. de ese mismo día. (Véase, Apéndice, pág. 25). Ante la imposibilidad de localizar a su abogado de récord, la peticionaria presentó, por derecho propio, una moción solicitando paralización de los procedimientos, la cual fue declarada con lugar y se le ordenó a Minyan producir la dirección de los sitios

donde se fijaron los avisos de venta en pública subasta.

El 1 de mayo de 1998, la peticionaria consignó el monto de la deuda mediante un Cheque de Gerente del Banco Bilbao Vizcaya, núm. 00413430, por la cantidad de $16,846.67. Además, la peticionaria presentó una moción impugnando la validez de la subasta celebrada y solicitando la paralización del proceso de ejecución de sentencia.

El 29 de septiembre de 1998, sin celebración de vista, el Tribunal de Primera Instancia dictó la resolución recurrida, denegando lo solicitado por la peticionaria. Inconforme, ésta acude ante este Tribunal alegando básicamente que erró el Tribunal de Primera Instancia al no decretar la nulidad de la subasta por incumplimiento con los requisitos de notificación y publicación de la misma, por aceptar un método de pago distinto al dispuesto por la Regla 51.8(d) de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 51.8(d), sin haber obtenido autorización del tribunal para ello y por no haber celebrado vista para dilucidar las contenciones de las partes antes de declarar no ha lugar la moción de anulación de venta en pública subasta.

## II

La controversia ante nos es si, en un caso en que se ha embargado una propiedad para el pago de una sentencia en cobro de dinero, el debido proceso de ley requiere que se notifique al dueño de la propiedad embargada, previo a su venta en pública subasta, si se conoce la dirección del dueño y éste compareció al pleito.

Anteriormente, este Tribunal tuvo ante sí la misma controversia y, frente a hechos similares, resolvimos que el debido proceso de ley requiere tal notificación y que debió anularse la venta en pública subasta por no haber mediado notificación adecuada al dueño de la propiedad embargada. *Banco Popular de Puerto Rico v. Plumey Cruz,* 97 DTA 133. Sentencia del 15 de abril de 1997. Juez Ponente, Alfonso de Cumpiano. Al denegar la solicitud de *certiorari,* el Tribunal Supremo manifestó, que *"el dictamen del foro apelativo es esencialmente correcto."* Resolución del 30 de junio de 1997 del Tribunal Supremo de Puerto Rico (Caso Núm. CC-97-268).

La Regla 51.8 (a) de Procedimiento Civil, *supra,* dispone lo siguiente en cuanto a la publicación del aviso de subasta:

*"(a) Aviso de venta. Antes de verificarse la venta de los bienes objeto de la ejecución, deberá publicarse la misma por espacio de dos (2) semanas mediante avisos por escrito visiblemente colocados en tres sitios públicos del municipio en que ha de celebrarse dicha venta, tales como la alcaldía, el tribunal y la colecturía. Se publicará, además, dicho aviso en la colecturía y en la escuela pública del lugar de la residencia del demandado, cuanto ésta fuera conocida, o en un diario de circulación general en el Estado Libre Asociado de Puerto Rico, por espacio de dos (2) semanas y por lo menos una vez por semana. [...] Será nula toda venta judicial que se realice sin dar cumplimiento al aviso de venta en la forma indicada [...]."*

Nuestro Tribunal Supremo ha interpretado esta regla a los efectos de que la misma establece dos requisitos de notificación. El primer requisito es que el aviso deberá publicarse en tres lugares públicos del municipio en que habrá de llevarse a cabo la venta judicial. Su propósito es lograr que el mayor número de compradores potenciales acuda a la venta judicial. Esto fomenta la competencia en precio y evita la venta de una propiedad por un precio irrazonable, en perjuicio del dueño. El segundo requisito es la colocación del aviso de subasta en la colecturía y en la escuela pública del lugar de residencia del demandado, cuando el mismo sea conocido. En los casos en que se desconoce el lugar de residencia del demandado, el requisito se cumple mediante la publicación del aviso en un diario de circulación general. Esto es así, porque el propósito de este segundo requisito es darle notificación al dueño demandado de la celebración de la venta judicial. *C.R.U.V. v.*

*Registrador,* 117 D.P.R. 662, 665-666 (1986).

También está resuelto que la publicación de los avisos de venta con anterioridad a la celebración de la subasta en venta judicial es un requisito fundamental íntimamente ligado al debido proceso de ley. *Lincoln Savs. Bank v. Figueroa,* 124 D.P.R. 388, 391 (1989). Por tal razón, la consecuencia de no publicar el aviso de venta en la forma indicada en la ley es clara y conlleva la nulidad de la venta judicial. *Atanacia Corp. v. Saldaña,* ___ D.P.R. ___ (1993), **93 J.T.S. 67,** a la pág. 10679. Véase, *Banco Popular de Puerto Rico v. Plumey Cruz, supra,* págs. 239-40, para un análisis en cuanto a la importancia de la notificación dentro del marco del debido proceso de ley, a la luz de lo dispuesto en la Constitución de los Estados Unidos, la Constitución del Estado Libre Asociado de Puerto Rico, la jurisprudencia local y la jurisprudencia federal.

Por otro lado, cabe señalar que cuando en 1979 se aprobaron las Reglas de Procedimiento Civil vigentes, la Regla 51.8 derogó el Artículo 251 del Código de Enjuiciamiento Civil, 32 L.P.R.A. ß 1132, para cuya redacción en 1904 se utilizaron como modelos los códigos de California y Idaho. Actualmente, la sección correspondiente en el Código de Enjuiciamiento Civil de California requiere que se le notifique de la venta al deudor, con no menos de 10 días de anticipación. ■ A tales efectos, el Informe de Reglas de Procedimiento Civil, Propuesta del Comité Asesor Permanente de las Reglas de Procedimiento Civil a la Decimonovena Sesión Plenaria de la Conferencia Judicial de Puerto Rico, incorporó una enmienda a la actual Regla 51.8 de Procedimiento Civil, *supra,* para requerir que se notifique el aviso de venta de los bienes objeto de la ejecución al deudor por sentencia siempre que hubiese comparecido al pleito. En todos los casos, dicho aviso deberá hacerse mediante publicación de edictos en un periódico de circulación general y notificación al deudor por sentencia dentro de los primeros cinco días de publicado el primer edicto. Es importante señalar que, de acuerdo a los comentarios de la regla propuesta, el texto enmendado *"dispone una notificación efectiva que satisface a cabalidad los requisitos del debido proceso de ley",* por lo que se deduce que para el Comité Asesor, el texto actual de la Regla debe enmendarse para cumplir *"A cabalidad"* los requisitos del debido proceso de ley.

En el caso de marras, en ningún momento se le notificó a la peticionaria, o a su abogado de récord, sobre los procedimientos post sentencia dirigidos a la ejecución de la sentencia y venta en pública subasta del inmueble que constituia su residencia familiar. Todo ello a pesar de que ésta había comparecido al pleito, que tanto la dirección de su abogado como de la peticionaria eran conocidas por la recurrida y que constaban en autos dichas direcciones. A tenor con los principios aquí esbozados, entendemos que la falta de una notificación adecuada a la peticionaria constituyó un error fundamental que propició el que fuera privada de su propiedad sin el debido proceso de ley. Dicho defecto niega validez jurídica al acto de la subasta y a la adjudicación llevada a cabo.

### III

Además, entendemos que la manera en que se satisfizo el precio de la licitación, es decir, mediante el crédito por sentencia de Minyan, no cumplió con los requisitos de la Regla 51.8(d) de Procedimiento Civil, *supra,* que dispone como sigue:

*"(d) Acta de subasta y entrega de bienes. Verificada la venta, el oficial a cargo de la misma levantará un acta por escrito describiendo lo acontecido durante la subasta y la adjudicación en venta al mejor postor, quien pagará el importe de la venta en dinero efectivo o en cheque certificado a la orden del oficial en cuestión. En casos extraordinarios, el tribunal podrá ordenar cualquier otra forma de pago."*

No consta de los autos que Minyan obtuviera autorización del tribunal para satisfacer el precio de la licitación mediante el crédito por sentencia que poseía contra la peticionaria. Por lo tanto, forzoso es concluir

que por esta razón adicional el proceso de subasta estuvo viciado y debe anularse.

## IV

A tenor con lo anterior, se deja sin efecto la orden recurrida y se decreta la nulidad de la venta judicial. Se devuelve el caso al Tribunal de Primera Instancia para procedimientos ulteriores conforme a lo aquí dispuesto.

Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

**ESCOLIO 99 DTA 210**

**1.** *West's Annotated California Codes,* Code of Civil Procedure, Section 701.530.